United States District Court
Southern District of Texas
**ENTERED**
August 14, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| GEORGE BARBOSA, | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:24-cv-5139 |
| | § | |
| LOWES HOME CENTERS LLC, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

**ORDER**

Before the Court is the Motion for Summary Judgment filed by the Defendant Lowes Home Centers, LLC. (Doc. No. 7). Plaintiff George Barbosa ("Plaintiff") did not respond. While this Court would ordinarily interpret the lack of response "as a representation of no opposition" and "an indication that the opposing party agrees to the motion and the relief requested," *see* Local Rule 7(D), the Court nevertheless addresses the merits of the Motion for Summary Judgment. After close consideration of the pleadings, relevant legal standards, and admissible summary judgment evidence, the Court **GRANTS** Defendant's Motion for Summary Judgment (Doc. No. 7) and dismisses this case with prejudice.

**I. Background**

This is a premises liability case stemming from an alleged accident that occurred on December 22, 2022 at a Lowes store. On that day, Plaintiff George Barbosa was standing in line waiting at the customer service desk. He had waited there for a little over a minute when an unknown customer carrying a load of loose PVC pipes approached the same counter. There was an advertising sign properly placed upon the floor located behind Barbosa. The customer carrying the PVC pipe lost control of his load and one of the pipes hit the sign, causing it to tip forward and

hit the Plaintiff. The person carrying the PVC pipe has no affiliation with Lowes. Plaintiff filed this suit in state court contending that Lowes was negligent and/or it was negligent in the manner in which it maintained its premises. Lowes removed the case, pleading diversity jurisdiction as Barbosa is a citizen of Texas and Lowes is both headquartered in and incorporated in North Carolina. *See* 28 U.S.C. § 1322.

## II. Legal Standards

### a. Summary Judgment

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on

summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

**b. Negligence and Premises Liability**

Generally, there are two negligence-related theories upon which a plaintiff may recover from a premises owner: general negligence and premises liability. Although a person injured on another's property may have both a negligence claim and a premises liability claim against the property owner, the two are "independent theories of recovery, and a finding of one will not suffice to create liability for the other." *Cobarrubias v. Lowe's Home Centers, LLC*, No. 4:22-CV-00716, 2023 WL 5729941, at *5 (S.D. Tex. Sept. 4, 2023) (citing *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997)). "[N]egligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010) (footnote omitted). As such, when an injury is the result of a condition created by the defendant's activity, rather than the activity itself, a plaintiff is limited to a premises defect theory of liability. *Brown v. Wal-Mart Stores Texas, L.L.C.*, No. 4:21-CV-1573, 2023 WL 4354225, at *2 (S.D. Tex. July 5, 2023).

To succeed on a premises liability claim, Plaintiff must prove four elements: (1) that Defendant had actual or constructive knowledge of the condition on the premises; (2) that the condition posed an unreasonable risk of harm; (3) that Defendant failed to exercise reasonable care to reduce or eliminate the risk; and (4) that Defendant's failure to use such care proximately caused Plaintiff's injuries. *Id.*

## III. Analysis

It is important to note that this entire accident was caught on camera, so the facts are not highly disputed. Lowes has moved for summary judgment on the grounds that: (1) it was not negligent; (2) its premises did not have an unreasonably dangerous condition about which it needed to take some remedial action; and (3) under either theory of negligence, it did not proximately cause any injury.

In response to Lowes' properly filed Motion, it is incumbent on the Plaintiff to raise a material issue of fact on each element of his claim. *See Celotex*, 477 U.S. at 322–25. Here, he has completely failed to do so. He has not pleaded or brought forth any evidence to raise a material issue of fact as to any contemporaneous act of negligence attributable to Lowes or any Lowes employee. He has not brought forth any evidence to suggest that there was any dangerous condition on Lowes' premises. Finally, he has not brought forth any evidence that would raise a material question of fact as to proximate causation.

Proximate cause has two elements: (1) cause in fact; and (2) foreseeability. *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex. 2003). Cause in fact requires a showing that the alleged negligent act constituted a substantial factor in bringing about the injury. *Thomas v. CNC Invs., L.L.P.*, 234 S.W.3d 111, 124 (Tex. App.—Houston [1st Dist.] 2007, no pet.). When all the defendant does is furnish the condition that made the injury possible, the cause is too attenuated. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex. 2004). Moreover, in the premises liability context, where the evidence demonstrates that the injury was caused by the actions of another customer, there is no proximate cause. *Elhorr v. Home Depot USA, Inc.*, No. CIV.A.3:04-CV-2681-M, 2005 WL 1875463, at *2 (N.D. Tex. Aug. 9, 2005).

Here, there is no evidence to raise a material issue of fact as to negligence or that raises an issue concerning a dangerous condition. There is also no evidence of causation. In fact, there is virtually conclusive evidence that someone else caused the accident.

**IV. Conclusion**

For the reasons set forth above, the Court finds no fact issues for the jury to try. There is no evidence to support a claim of negligence, no evidence of a dangerous condition, and no evidence of proximate cause. Consequently, the Court **GRANTS** the Defendant's Motion for Summary Judgment. This case is dismissed with prejudice.

Lowes also filed a Motion to Stay the pre-trial deadlines and the trial setting pending the Court's resolution of the present Motion for Summary Judgment. As a result of this Order resolving the summary-judgment motion, Lowes' Motion to Stay (Doc. No. 9) is **DENIED** as moot.

Final Judgment will enter separately.

It is so ordered.

Signed on this the 14th day of August, 2026.

Andrew S. Hanen
United States District Judge